**James Dean BINGMAN,**
**Plaintiff–Appellee,**

**v.**

**Daniel WARD, Prison Dentist; James**
**Mickey Gamble, Warden,**
**Defendants–Appellant.**

No. 99–36056.

D.C. No. CV–93–00063–LBE.

United States Court of Appeals,
Ninth Circuit.

Submitted July 12, 2001 *.

Decided Aug. 6, 2001.

---

* The panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

Before ALARCON, FERNANDEZ, and TASHIMA, Circuit Judges.

### MEMORANDUM **

Daniel Ward, a former prison dentist at Montana State Prison, and several other prison employees (collectively "Prison Officials") appeal the district court's criminal contempt order which was issued against them. We reverse.

■ (1) We agree with the Prison Officials that the magistrate judge's order regarding Bingman's own problems was an insufficiently clear command to sustain a holding that they contemptuously failed to follow its terms. *See United States v. Armstrong*, 781 F.2d 700, 706 (9th Cir. 1986); *United States v. Rylander*, 714 F.2d 996, 1001 (9th Cir.1983). By the same token, the record does not show that any failure to treat Bingman in a quicker fashion was a " 'deliberate or intended violation' "of the court order. *See Armstrong*, 781 F.2d at 706 (citation omitted); *Vertex Distrib., Inc. v. Falcon Foam Plastics, Inc.*, 689 F.2d 885, 889 (9th Cir.1982).

■ (2) In this litigation, the Prison Officials did fail to file a plan within 30 days for the purpose of curing deficiencies in the delivery of dental services at Montana State Prison. But in a separate case covering the same subject at the same prison, a plan was submitted to the same magistrate judge, who approved it. No doubt Prison Officials should have filed the selfsame document in this litigation, but a settlement had already been accepted as the proper palliative for the pressing prison problem in question. Their failure to file yet again does not show contempt of the court or for its order.

REVERSED.

---

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.